United States District Court
Southern District of Texas
FILED

OCT 0 8 2009

Clerk of Court

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MAXINE KIZZEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| Vs. § | |
| § | CIVIL ACTION NO. H-09-3268 |
| YALE VILLAGE APARTMENTS § | |
| § | |
| Defendant. § | |

## COMPLAINT

Plaintiff Maxine Kizzee, by her undersigned counsel, hereby sues Defendant, Yale Village Apartments, and alleges:

### Jurisdiction and Venue

1.      This is an action brought pursuant to the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12213, and the Fair Housing Act, 42 U.S.C. §§ 3601-3631, and it includes a supplemental cause of action under the Texas Fair Housing Act, Tex. Prop. Code §§ 301.025 (a), 301.025(b) and 301.025(c)(2).  This Court has subject matter jurisdiction over the Americans with Disabilities Act and Fair Housing Act claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4). Supplemental jurisdiction for state actions forming part of the same case or controversy exists pursuant to 28 U.S.C. § 1367(a).  Plaintiff's request for a declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.  Venue properly lies in this Southern District of Texas pursuant to 28 U.S.C. § 1391(a)(2) in that a substantial part of the events or omissions giving rise to plaintiff's claims occurred, and the property that is the subject of the action is situated, in this District and Division.

1

## The Parties

2.  Plaintiff Maxine Kizzee is a 58 year old citizen of the United States residing in Houston, Harris County, Texas. She was first diagnosed with multiple sclerosis in 1985. Ms. Kizzee is a person with a disability within the meaning of the ADA, and she has been illegally injured as alleged more particularly below.

3.  Defendant Yale Village Apartments ("Yale Village") is a business under the laws of Texas, with its principal place of business in Houston, Texas. Yale Village is where Ms. Kizzee resides and has resided for in excess of the past 30 years. Defendant will be served by serving its agent, Nesley Segovia, property manager at Defendant's place of business, 5673 Yale Street Houston, Texas 77076.

## Facts Common to All Counts

4.  Ms. Maxine Kizzee has multiple sclerosis and is a person with a disability within the meaning of the ADA 42 U.S.C. § 12102(2) and 29 C.F.R. § 1630.2(g). Multiple Sclerosis, also referred to as "MS," is a neurological disorder affecting the nerves of the brain and spinal cord, it is an "autoimmune" disease, in which a person's own immune system attacks his or her body and damages the protective covering to the nerves (myelin) and eventually the nerves (axons) as well.

5.  Ms. Kizzee resides at 5671 Yale Street Apartment No. 4, Houston, Texas, in the apartment development known as the Yale Village Apartments. She has been a tenant at this apartment development for in excess of thirty years.

6.  Yale Village has had actual knowledge of Ms. Kizzee's disability for in excess of twenty years. Defendant inquired of Plaintiff about her disability, required that her doctors

provide documentation of her medical condition and inquired regarding her medications.

7. For in excess of 30 years Maxine Kizzee has had an annual lease with Yale Village Apartments. However at some point without her actual knowledge Yale Village management made the unilateral decision to change her lease term from an annual tenancy to a month to month tenancy. Ms Kizzee learned of the change in May 2009 when she was informed by Yale Village manager Nesley Segovia that "the lease term was changed to make it easier for Ms. Kizzee to move out of Yale Village Apartments if she ever decided that she wanted to move."

8. As her disability has gotten progressively worse Ms. Kizzee needed the assistance of others to help in her daily activities such: as frequent turning to prevent bed sores, catherization, assistance in daily personal care such as grooming, bathing, using the toilet as well as preparation of meals and the list goes on as will be proven at trial. She is completely immobile below the shoulders and has only restricted movement in her neck and shoulders.

9. In an attempt to maintain an independent lifestyle, in or about 2003 Ms. Kizzee enlisted the services of her nephew Joseph Moore as her assistant to help in her daily activities. She informed Yale Village Management that Joseph would frequently spend the night at her apartment to assist her at night. Yale Village informed Ms. Kizzee that Joseph Moore could not be placed on her lease because he had a prior felony conviction.

10. Ms. Kizzee contested the denial of Joseph Moore and continued to list him on her annual certification application as her night time assistant since she had no other assistance that was immediately available. She also began to list her grandson Marcus

Traylor as her alternate night time assistant and informed Yale Village management that Marcus Traylor would also spend nights at her home to help her at night.

11. After many months of complaints Yale Villager Management agreed in 2004 to allow Joseph Moore to assist Ms. Kizzee as her night time assistant. However Yale Village management never made any such accommodation regarding Marcus Traylor.

12. In 2005 Ms. Kizzee was informed by Yale Village management that Joseph Moore could not be listed on her lease based on the false felony allegation. Again in May 2009 Nesley Segovia a Yale Village manager again informed Ms. Kizzee that Joseph Moore had a felony conviction and could no longer act as her night time assistant. Ms. Kizzee was left with only her grandson to assist her at night.

13. Over the course of several years Ms. Kizzee informed the management at Yale Village Apartments that her grandson Marcus Traylor would spend nights at her apartment to "help her at night". Defendant, refused to make a reasonable accommodation in their rules, policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

14. Finally in 2007 management at Yale Village informed Marcus Traylor that he could not live with his grandmother to assist her at night unless he was listed on Ms. Kizzee's lease as a resident and co-head of household of her residence. Ms. Kizzee protested Marcus Traylor being added to her lease as a resident because he was only living with her so that he could assist her at night due to her disability when she had no other help available.

4

15. Yale Village Management repeatedly rejected Ms. Kizzee's certification packet until all documents were filled out and signed adding Marcus Traylor as a resident and co-head of household under her lease despite adamant protests from Ms. Kizzee.

16. Yale Village did not attempt to make a reasonable accommodation for Marcus Traylor and forced Ms. Kizzee to either comply with their demand or not have the services of Marcus Traylor as her night time attendant.

17. Ms. Kizzee consistently circled the name of Marcus Traylor on her annual certification and wrote a note on her application indicating that Marcus Traylor or Joseph Moore were her night time assistants and would be spending nights at the property. Defendant, refused to make a reasonable accommodation in their rules, policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

18. Yale Village management informed Marcus Traylor that he must have identification showing his residence as Yale Village Apartments or he would be subject to arrest if he were found on the property at night. Therefore, Marcus obtained identification documents listing the address of his grandmother as instructed.

19. During the summer of 2007 Marcus Traylor found employment through a temporary agency and ultimately part time employment. His income went to help support his mothers' household.

20. When the annual HUD certifications were done for Ms. Kizzee for years 2007 and 2008 since Marcus Traylor was listed on the lease as a resident and co-head of household, he had to make an income declaration. Marcus stated that he had no income.

5

21. When the 2009 HUD certification became due Yale Village management informed Ms. Kizzee that she owed HUD in excess of $12,000.00 because she had failed to disclose the income of her grandson and night time assistant Marcus Traylor. She was informed that unless she agree that she owed the money she would be immediately evicted from her home of the past 30 years, that the eviction would become of record, that it would impede her ability to continue in public housing and would impact her status with HUD so that future public housing would be unavailable to her. Defendant, refused to make a reasonable accommodation in their rules, policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

22. Ms. Kizzee had done no wrong and felt strongly that she was being targeted unfairly because of her disability. She at all times believed that she was entitled to have someone stay with her at night to assist her with normal human functions. She objected to the threat of suit and requested both verbally and in writing that Yale Village Management allow her to review and copy her entire tenant file so that she could refute the serious allegations being made. Her request to review her tenant file was refused and as of the filing of this lawsuit she has not been given an opportunity to review her tenant file. Ms. Kizzee believe that the denial of a review of her tenant file was a violation of the American with Disabilities Act and the Fair Housing Act and that Defendant, refused to make a reasonable accommodation in their rules, policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

23. Ms. Kizzee informed Yale Village Management that if an error had been made then the error was made by Yale Village management in not granting her a reasonable accommodation and classifying Marcus Traylor properly as her live-in attendant as opposed to a classifying him as a resident and co-head of household under her lease.

24. She consistently informed Yale Village management of the status of Marcus Traylor, and Yale Village management had sufficient documentation of her health condition to know that she could not function from approximately overnight without someone there to assist her at night.

25. Yale Village management had actual knowledge of the medical necessity of Ms. Kizzee having an attendant at night and refused to make a reasonable accommodation in their rules, policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

26. Despite her protests Yale Village management filed a forcible detainer suit for eviction of Ms. Kizzee because she refused to agree that she had falsified her household income and because she refused to agree that she owed HUD in excess of $12,000.00. Suit for forcible detainer was filed on or about August 20, 2009.

27. Immediately before the forcible detainer lawsuit was filed Yale Village management conducted retaliatory housekeeping inspections and found Ms. Kizzee in violation of the "cleanliness" policy. She was cited for not having her kitchen stove clean enough or having an upstairs bedroom clean enough to suit Yale Village management. She was verbally reprimanded for not having a sheet on one of the upstairs beds and for not having dusted in the upstairs living area. These negative inspections were done in further retaliation for her refusal to sign the subject acknowledgment of the alleged fraud.

Defendant, refused to make a reasonable accommodation in their rules, policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

28.   Ms. Kizzee elected to fight the forcible detainer lawsuit and filed an answer. The case was sent to mediation. After spending 6 tearful hours in mediation Ms. Kizzee felt that in order to not lose her home she had no choice but to sign the documents presented which included an income certification for 2007 and 2008. She was further forced to agree to repay the money which she absolutely does not believe that she owe to HUD.

29.   As a condition of dismissal of the forcible detainer lawsuit and of her keeping her home Ms. Kizzee was presented with an agreement waiving her legal rights to sue Yale Village Apartment. She believed that such an agreement is void as against public policy and is in itself a violation of her rights under the ADA and the Fair Housing Act. She has refused to sign the agreement.

30.   Because of her health and financial condition Ms. Kizzee is in constant fear that she will be evicted and unable to relocate to other housing as has been threatened by Yale Village management.

31.   Upon reviewing the income information for Marcus Traylor it was discovered that even though Yale Village management had knowledge of Marcus Traylor's actual income for both 2007 and 2008 Yale Village management overstated his income for both years by approximately $10,000 per year. Ms. Kizzee believes that this was intentionally done to further intimidate her, in violation of the Americans with Disabilities Act and the Fair Housing Act. Defendant, refused to make a reasonable accommodation in their rules,

policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

33. Ms. Kizzee believe that the forcible detainer suit brought against her was in retaliation for her attempting to defend her rights under the American with Disabilities Act to live as independently as possible despite her disability and Defendant refused to make a reasonable accommodation in their rules, policies, practices, or services when the accommodation may have been necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling.

34. Plaintiff, a person with a disability complains of Defendant's unlawful actions in failing to engage in the interactive process to consider reasonable accommodations. Defendant's actions are constructively evicting Plaintiff, and constitute disability discrimination in violation of state and federal law. The Defendant's actions were also taken in retaliation for protected activity advocating for the rights of disabled persons, which retaliation is also in violation of the law. Plaintiff seeks a temporary restraining order, and temporary and permanent injunctive relief, because Plaintiff's rights are threatened with irreparable injury by Defendant's conduct. Plaintiff also seeks damages and attorney's fees.

35. Plaintiff is a person with a "disability" within the meaning of the Texas Fair Housing Act, TEX. PROP. CODE §301.003(6), and a person with a "handicap" within the meaning of the Federal Fair Housing Act, 42 U.S.C. §3602(h). As used herein the Federal Fair Housing Act means Title VIII of the Civil Rights Act of 1963, as amended by the Fair Housing Amendment Act of 1988 (42 U.S.C. §3601 et seq.).

36. Defendant YALE VILLAGE APARTMENTS is a residential apartment building

located at the address described above. This Defendant is in the business of renting dwellings occupied by 100 or more families. YALE VILLAGE APARTMENTS are a covered multi-family dwelling under both state and federal law, 42 U.S.C. §3604(f)(7); TEX. PROP. CODE §301.025(g). Plaintiff allege based on information and belief that this Defendant also receives federal financial assistance within the meaning of 29 U.S.C. §794.

37. The acts complained of took place in Harris County, Texas.

**FIRST CAUSE OF ACTION - FEDERAL FAIR HOUSING ACT**

38. It is against federal law for Defendant to discriminate in the rental of a dwelling, or in the terms, conditions, or privileges of such rental, because of Plaintiff's disability. 42 U.S.C. §3604(f)(1) and (2). It is also a violation of federal law for Defendant to refuse to make a reasonable accommodation in their rules, policies, practices, or services if the accommodation may be necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling. 42 U.S.C. §3604(f)(3)(B). Defendant has violated these provisions by denying Plaintiff reasonable accommodations. *See Douglas v. Kriegsfeld Corp.*, 884 A.2d 1109 (D.C. 2005).

39. It is also against federal law for Defendant to use the threat of force to intimidate or interfere with a person because of the person's disability, or in affording those with disabilities the opportunity to rent and occupy Defendant's dwellings. 42 U.S.C. §§3602(f) and 36.

40. Defendant has violated this law because of Plaintiff's disability and in retaliation for her advocacy for her legal rights.

41. Defendant has violated federal law by discriminating in the rental of a dwelling, or in the terms, conditions, or privileges of such rental, because of disability. 42 U.S.C. §3604(f)(1) and (2). Defendant has also violated federal law in its refusal to make reasonable accommodations in their rules, policies, practices, or services if the accommodation may be necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling. 42 U.S.C. §3604(f)(3)(B). Defendant's forcible detainer is an attempt to prevent Plaintiff from seeking the reasonable accommodations to which she is entitled.

42. Plaintiff is specifically entitled to a temporary restraining order, as well as temporary and permanent injunctive relief, actual and punitive damages, reasonable attorney fees, and court costs. 42 U.S.C. §3613(c).

43. For the reasons stated in this pleading, the Plaintiff requests that, after trial, this Court permanently enjoin the Defendant from (a) interfering with Plaintiff's use and enjoyment of the property by failing to provide reasonable accommodations and thereby constructively evicting Plaintiff or attempting to evict Plaintiff through court action, and (b) retaliating against Plaintiff because of her advocacy of the Plaintiff's rights, or the rights of people with disabilities.

## **SECOND CAUSE OF ACTION - AMERICANS WITH DISABILITIES ACT**

44. Plaintiff re-alleges and incorporates by reference paragraphs 1 - 42 above.

45. The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of places of public accommodation. An establishment for the sale or

rental of residential housing is a place of public accommodation within the meaning of the statute.

## THIRD CAUSE OF ACTION - TEXAS FAIR HOUSING ACT

46. Plaintiff re-alleges and incorporates by reference paragraphs 1 - 44 above

47. It is against Texas law for Defendant to discriminate in the rental of a dwelling, or in the terms, conditions, or privileges of such rental, because of Plaintiff's disability. TEX. PROP. CODE §301.025(a) and (b). It is also a violation of Texas law for Defendant to refuse to make a reasonable accommodation in their rules, policies, practices, or services if the accommodation may be necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling. TEX. PROP. CODE §301.025(c)(2). Defendant has violated these provisions by failing to make reasonable accommodations.

48. It is also against Texas law for Defendant to use the threat of force to intimidate or interfere with a person because of the person's disability, or because of another person's actions in affording those with disabilities the opportunity to rent and occupy Defendant's dwellings. TEX. PROP. CODE §§301.003(7) and 301.171(a). Defendant has violated this law because of Plaintiff's disability and in retaliation for her advocacy of her legal rights.

49. Plaintiff is specifically entitled to a temporary restraining order, as well as temporary and permanent injunctive relief, actual and punitive damages, reasonable attorney fees, and court costs. TEX. PROP. CODE §301.153.

## PRAYER FOR RELIEF

For the reasons stated above, Plaintiff prays this Court:

A.  Declare that the defendant has violated the Fair Housing Act, 42 U.S.C. §§ 3601-3631 and the Texas Fair Housing Act, Tex. Prop. Code §§ 301.025 (a), 301.025(b) and 301.025(c)(2);

B.  Enjoin Defendant, it's agents, representatives, employees, successors and assigns and all persons in active concert and participation with them from discriminating on the basis of disability in the provision of public accommodations;

C.  Order Defendant to alter their existing rules, policies, practices, or services if a reasonable accommodation may be necessary to afford the Plaintiff equal opportunity to use and enjoy a dwelling;

D.  Order that Maxine Kizzee does not owe in excess of $12,400.00 (twelve thousand four hundred dollars) for the alleged underpayment of rent pursuant to her Section 8 subsidized rental agreement; and

E.  Award Plaintiff punitive damages of in excess of $100,000.00 against Defendant YALE VILLAGE APARTMENTS;

F.  Award Plaintiff her actual damages, reasonable attorney's' fees, costs of suit, and such other relief as the interest of justice require.

**WHEREFORE**, Plaintiff prays this Court:

A.  Declare that defendant has violated the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181-12213;

B.  Enjoin defendant, it's agents, representatives, employees, successors and assigns and all persons in active concert and participation with them from discriminating on the basis of disability in the provision of public accommodations;

C.      Award plaintiff her actual damages, reasonable attorney's' fees, costs of suit, and such other relief as the interest of justice require.

**Plaintiff Maxine Kizzee hereby request a Trial by Jury. The jury fee is paid along with the filing fee for this complaint.**

Respectfully Submitted,

By _____
**KENNETH D. TERRELL**
Attorney for Defendant
State Bar No. CA 147346
SDTX No. 905576
2601 Cartwright Blvd,
Suite D Box 268
Missouri City, Texas 77459
(832) 754-2634 phone
(281) 403-2055 fax
E-mail: attorneykterrell@aol.com
ATTORNEY FOR PLAINTIFF
MAXINE KIZZEE

## CERTIFICATE OF SERVICE

I CERTIFY THAT ON THIS 8th day of October, 2009, a true and correct copy of this Plaintiff's Original Complaint was sent via U.S. Certified Mail, return receipt requested, to:

| | |
|---|---|
| Attorney Paula Beasley<br>Scheef & Stone, L.L.P.<br>500 N. Akard<br>Suite 2700<br>Dallas, Texas 75201 | NESLEY SEGOVIA<br>YALE VILLAGE APARTMENTS<br>5673 Yale Street<br>Houston, Texas 77076 |

_/s/ Kenneth D. Terrell_
KENNETH D. TERRELL
Attorney for Plaintiff

**VERIFICATION**

THE STATE OF TEXAS        §

COUNTY OF TRAVIS        §

BEFORE ME, the undersigned authority, on this day personally appeared KENNETH D. TERRELL, who, known to me, after being by me duly sworn, an oath stated:

"I am an attorney at law duly licensed by the United States District Court for the Southern District of Texas and I represent the Plaintiff in this action; I have read the forgoing Verified Complaint, and am familiar with the contents which are true and correct to the best of my information and belief."

_____
KENNETH D. TERRELL

SUBSCRIBED AND SWORN TO BEFORE ME on the ____ day of September, 2006, to certify which witness my hand and official seal.

[seal]

PATRICIA A KINCHEN
My Commission Expires
September 14, 2013

_____
Notary Public in and for the State of Texas

16