UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MAXINE KIZZEE | § | |
|     *Plaintiff*, | § | |
| v. | § | CIVIL ACTION NO. 4:09-cv-3268 |
| | § | |
| YALE VILLAGE APARTMENTS AND | § | |
| C.P. YALE, LP | § | |
|     *Defendants*. | § | |

### MEMORANDUM AND RECOMMENDATION

This dispute is before the court on defendants Yale Village Apartments and C.P. Yale, LP's motion to dismiss (Dkt. 21). No response to the motion has been filed.

### Background

Plaintiff Maxine Kizzee is a tenant in defendant's Yale Village Apartments complex. Kizzee was diagnosed with multiple sclerosis in 1985; she is currently immobile below her shoulders and requires assistance in her daily life.

Kizzee's rent is subsidized by the Department of Housing and Urban Development (HUD). Pursuant to her lease and HUD requirements, Kizzee must report her household income and composition annually to determine her eligibility and amount of rent assistance payments.

Kizzee enlisted her nephew Joseph Moore as her daily assistant, listing him as a "night-time aide" on her 2004 recertification application. The income of live-

1

in aides are not included in an applicant's household income. 24 C.F.R. § 5.609(c)(5). In March 2006, Kizzee listed Moore and her grandson Marcus Traylor on the household composition section of her recertification application.

In 2006, Moore submitted a live-in aide application. A criminal background check by Yale Village Apartments revealed three prior convictions. Yale notified Kizzee multiple times that Moore's criminal background made him ineligible to serve as a live-in aide.

Traylor never submitted a live-in aide application. Kizzee made multiple requests to retain Traylor as a night-time aide. Yale Village Apartments informed Kizzee that Traylor could not live with her unless he was listed as a co-head of the household, and repeatedly rejected Kizzee's recertification application on that basis. Kizzee asserts that allowing Traylor to assist her at night without listing him as a occupant would be a reasonable accommodation to use and enjoy the apartment.

Since Traylor was listed as a household occupant, but not a live-in aide, Traylor was required to verify his income. *Id.* § 5.609(a). However, Traylor did not report his income. Yale Village Apartments determined Kizzee had received excess subsidies because of Traylor's unreported income, and threatened suit. Kizzee requested her tenant file to review, but Yale Village Apartments refused; Kizzee asserts that allowing her the opportunity to review her tenant file would have been

a reasonable accommodation to use and enjoy her dwelling.

Before filing suit, Yale Village Apartments conducted housekeeping inspections and reprimanded Kizzee for violations of the "cleanliness" policy. Kizzee views these inspections as retaliatory and a refusal to make reasonable accommodations to afford Kizzee equal opportunity to use and enjoy her apartment.

Yale Village Apartments brought an eviction action in the Justice Court, Precinct 1, Place 2 in Harris County, Texas (Case No. EV12C0019797). The parties settled in mediation and the settlement was entered on the docket as an agreed judgment. Kizzee asserts that the suit itself constitutes a failure to make reasonable accommodation to afford her equal opportunity to use and enjoy a dwelling.

On April 21, 2009, Kizzee filed this lawsuit, asserting in her amended petition causes of action for (1) violations of the Fair Housing Act, 42 U.S.C. § 3601, *et. seq.* (FHA); (2) violations of the Texas Fair Housing Act, TEX. PROP. CODE § 301.001, *et. seq.*; (3) violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* (ADA); and (4) defamation. Yale Village Apartments and C.P. Yale, LP filed their motion to dismiss, arguing (1) this court lacks subject matter jurisdiction under the *Rooker-Feldman* doctrine; and (2) Kizzee's amended complaint fails to state a cause of action under the ADA and for defamation.

## Standards of Review

Federal district courts are courts of limited jurisdiction. *Le Mieux Bros. v. Tremont Lumber Co.*, 140 F.2d 387, 389 (5th Cir. 1944). The party seeking to invoke this court's subject matter jurisdiction must prove it by a preponderance of the evidence. *New Orleans & Gulf Coast Ry. Co. v.* Barrois, 533 F.3d 321, 327 (5th Cir. 2008). The court may "dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court must take facts pled in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Saraw P'ship v. U.S.*, 67 F.3d 567, 569 (5th Cir. 1995). "[A] claim may not be dismissed unless it appears certain that the plaintiff cannot prove any set of facts in support of her claim which would entitle her to relief." *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

Rule 12(b)(6) allows a court to dismiss a plaintiff's complaint if it "fails to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) dismissals are disfavored, *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004), and a court can order such dismissals only if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft*

*v. Iqbal*, 129 S.Ct. 1937, 1960 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* In making this determination, the court is not required to speculate about plausible facts the plaintiff could plead to support his claim. *See Cambell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995). It is the plaintiff's responsibility to actually "plead specific facts, not mere conclusional allegations, to avoid dismissal." *Kane Enters. v. MacGregor (USA), Inc.*, 322 F.3d 371, 374 (5th Cir. 2003). When the plaintiff does plead such specific facts, the court must assume that they are true, *Twombly*, 550 U.S. at 555, and draw all reasonable inferences from them in the plaintiff's favor, *Elsensohn v. Tammany Parish Sherriff's Office*, 530 F.3d 368, 371-72 (5th Cir. 2008).

The materials a court may consider in ruling on a Rule 12(b)(6) motion to dismiss are limited to the complaint, attached documents, and matters of which judicial notice can be taken. *Lovelace v. Software Spectrun, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

## Analysis

**1. The *Rooker-Feldman* doctrine does not apply.**[1]

Defendants argue that the prior settlement in the Texas eviction suit bars Kizzee's ADA and FHA claims under the *Rooker-Feldman* doctrine (Dkt. 21). The *Rooker-Feldman* doctrine[2] precludes lower federal courts from "exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The Supreme Court recently explained the doctrine as limited to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Although it has not been explicitly held, it appears the Fifth Circuit treats state-court approved settlements the same as state-court judgments for purposes of this doctrine. *See Richard v. Hoechst Celanese Chem. Group, Inc.*, 355 F.3d 345, 354 (5th Cir.) (applying the *Rooker-Feldman* doctrine to bar a § 1983 challenge to a court-approved class action settlement).

---

[1] "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. U.S.*, 281 F.3d 158, 161 (5th Cir. 2001).

[2] This doctrine stems from two United States Supreme Court decisions. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

Defendants cite *4901 Corp. v. Town of Cicero*, 220 F.3d 522 (7th Cir. 2000) and *Reyes v. Fairfield Properties*, 661 F. Supp.2d 249 (E.D.N.Y. 2009) in support of their position. Both of these cases are distinguishable.

In *4901 Corp.*, two bars sued the Town of Cicero in state court, challenging the repeal of a liquor control ordinance. *4901 Corp.*, 220 F.3d at 524. The court later approved the parties' settlement, which provided that the bars would each apply for an entertainment license, and would comply with a statement that pertained exclusively with the Adult Use Ordinance. After the bars' licenses were revoked for violations of the Adult Use Ordinance, they challenged the ordinance in federal district court. The bars sought the ordinance declared void or unenforceable. The district court held the bars' claims were precluded by *res judicata*. On appeal, to determine whether the *Rooker-Feldman* doctrine applies, the Seventh Circuit asked "whether the federal plaintiff seeks to set aside a state court judgment or whether he is, in fact, presenting an independent claim. . . . [I]f the injury which the federal plaintiff alleges *resulted from* the state court judgment itself, then *Rooker-Feldman* controls." *Id.* at 527 (emphasis added). The Seventh Circuit held that since the bars were requesting the court to declare the ordinance void, the injury complained of was the agreed judgment and the bars were essentially asking the district court to set aside the state court judgment.

In *Reyes*, two tenants filed a disability discrimination charge with the New

7

York Division of Human Rights after their landlord failed to provide accommodations. *Reyes*, 661 F. Supp.2d at 257. Then, the landlord brought an eviction suit in state court, classifying the tenants as holdovers. The court authorized a settlement providing for the tenants' eviction. The tenants then brought, *inter alia*, an unlawful eviction claim in federal district court. The district court held that the unlawful eviction claim was barred because of the *Rooker-Feldman* doctrine. The court noted that the federal plaintiff must complain of an injury "*produced by* a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Id.* at 272-73 (emphasis added). The court concluded the wrongful eviction claim was produced by the actual eviction—an act in compliance with the state court judgment.

Here, the state eviction dispute was over Kizzee's failure to provide Yale Village Apartment with accurate household income information, resulting in excess subsidies given by HUD. The settlement agreement provided that Kizzee would pay these subsidies to Yale Village Apartments. Kizzee's current ADA and FHA claims against Yale Village Apartments and C.P. Yale, LP are based on defendants' alleged failure to reasonably accommodate her disability, as well as intimidation, retaliation and other discrimination. The injuries alleged in these causes of action were not caused by the settlement in the state-court dispute; rather, they arise from defendants' actions leading up to the eviction suit.

Since Kizzee's claims are not produced by the state-court settlement, this court is not deprived of subject matter jurisdiction via the *Rooker-Feldman* doctrine.

**2. Kizzee's ADA claim should be dismissed.**

The ADA prohibits disability discrimination by a person who "owns, leases (or leases to), or operates a place of public accommodation." 41 U.S.C. § 12182(a). "Public accommodation" generally includes "an inn, hotel, motel, or other place of lodging" that affects commerce. *Id.* § 12181(7)(A).

Although no binding authority has been found, other district courts in this circuit have held that a privately owned apartment is not a place of public accommodation under the ADA. *See Felknor v. Tallow Wood Apartments*, No. 08-1092, 2009 WL 3230607, at *2 (W.D. La. Sept. 28, 2009); *see also No Barriers, Inc. v. BRH Texas GP, L.L.C.*, No. 3:01-CV-344-R, 2001 WL 896924, at *3 (N.D. Tex. Aug. 2, 2001) (finding the ADA does not strictly apply to residential facilities, but does apply to leasing offices within an apartment complex). Several courts in other jurisdictions have held similarly. *See, e.g., Lancaster v. Phillips Inv., LLC*, 482 F. Supp.2d 1362, 1366 (M.D. Ala. 2007); *Indep. Housing Serv. of San Francisco v. Fillmore Ctr. Assocs.*, 840 F. Supp. 1328, 1344 (N.D. Cal. 1993); *Phibbs v. Am. Prop. Mgmt.*, No. 2:02CV00260DB, 2008 WL 746977, at *3 (D. Utah Mar. 19, 2008).

Kizzee's ADA claim is based on Yale Village Apartments's failure to provide

live-in assistants and other discriminatory acts with regard to her residence. Since a privately owned apartment is not a place of public accommodation,[3] Kizzee's ADA claim should be dismissed.

**3. Kizzee's defamation claim should be dismissed.**

As stated above, a cause of action cannot survive a motion to dismiss for failure to state a claim if the plaintiff fails to plead enough facts to state a facially plausible claim to relief. . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). Where the facts only permit an inference of possible misconduct, the complaint fails this standard. *Id.*

Texas generally requires that defamation plaintiffs plead and prove the defendant "(1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement." *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). The statement must be capable of a defamatory meaning. *Musser v. Smith Protective Servs., Inc.*, 723 S.W.2d 653, 654 (Tex. 1987).

Here, Kizzee's complaint alleges "Defendants published false statements of

---

[3]Although defendants' motion to dismiss did not raise the issue, the fact that Kizzee receives public rent assistance does not transform the apartment into a place of public accommodation. *See Reyes v. Fairfield Props.*, 661 F. Supp.2d 249, 264 n.5 (E.D.N.Y. 2009).

10

fact, which referred to Ms Kizzee, accusing her of attempted welfare fraud." (Dkt. 16). The complaint then states that the statements were defamatory and false, the defendants made the statements with malice, and Ms. Kizzee has suffered pecuniary injury because of the statements.

Regarding the first element, the complaint merely recites that a statement was published. The complaint does not specify who made the statement (whether one or both of the defendants), it does not state when or where the statement was made, and it does not state the recipient of the statement. *See Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995) (the defamatory statement must be communicated to a third party); *Dallas Indep. Sch. Dist. v. Finlan*, 27 S.W.3d 220, 238 (Tex. App.—Dallas 2000, pet. denied) (statements made in the course of judicial proceedings enjoy absolute immunity).

Moreover, the allegations with regard to the third element are conclusory and do nothing more than infer a possibility of misconduct. Specifically, the complaint alleges "[t]he Defendants at all time [sic] knew that the statements were false and were acting with malice or in reckless disregard of the truth of their assertions or were negligent in their assertions." (Dkt. 16). This merely repeats the element without further facts to infer a plausible cause of action.

Since the complaint's dearth of facts does not allow for an inference of a plausible cause of action under *Iqbal*, Kizzee's defamation claim should be

dismissed. Given that the deadline for amended pleadings has passed, and that Kizzee has already filed one amended complaint and has not sought leave to file another, no good purpose would be served by allowing Kizzee further opportunity to replead this claim.

## Conclusion

For the foregoing reasons, the court recommends that the following claims against Yale Village Apartments and C.P. Yale, LP be dismissed: (1) claims for violations of the Americans with Disabilities Act; and (2) claims for defamation.

The parties have fourteen days from the service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C) (2006); FED. R. CIV. P. 72.

Signed at Houston, Texas on September 29, 2010.

Stephen Wm Smith
United States Magistrate Judge